Birchard, C. J.,
dissenting. I agree with the majority of the Court on all the points in this case, save one. Upon that, I entertain strong doubts, whether the learned judge of the Court *95 of Common Pleas was not right. Many commercial men, engaged in extensive business in our large cities, are domiciled, with their families, at the public hotels, or boarding Should one of them, having closed his business, in consequence of a sale, or of other cause, find occasion to leave home, for a temporary purpose, and having out-standing against him commercial paper which would mature in his absence, he would, if an honest man, desirous of maintaining his credit, provide for the payment by leaving the necessary funds in, the hands of some member of his family, or friend, at his boarding house or hotel.
Now if it is due diligence, and sufficient, for the Notary to call at the hotel or boarding house, and on receiving information that the individual had left town, (not absconded,) to depart without further act or inquiry, and without making his business known, the paper of a man of credit may happen to be protested, wrongfully. , The wife, or friend, holding the means of payment, with special instructions to take up the bill, or note, might very innocently give the information that the acceptor, or maker, was from home, and would not for several days be in town. If polite, well bred people, they would give this answer without indulging in inquisitiveness, especially if the Notary was a gentleman, and a stranger. It would have been a very easy matter for the Notary, in this case, when inquiring at the City Hotel, to have stated his business, and also to have asked if any one had instructions, and had been provided with means to meet the demand. Had that been done, I should have found' in the case evidence of due diligence, and that the paper was well protested. As it is, my judgment is the other way. Who knows that the landlord, or person in charge of the books of the City Hotel, had not the money in his hands for the purpose of meeting this note ? Who knows that he would not have paid it, if the Notary had informed him that he was a Notary, and charged with the duty of demanding payment, and entitled to receive payment and discharge the paper ? To say that it is not probable the payinent would have been made, had this been *96 done, is no answer to the question. I-agree that there is very little reason to suppose payment was provided for, yet it may have been. No one, from the protest, can say the fact was not so.
The principle, as applied to the case at bar, may work no injustice. - Still, when established, it will operate upon all cases. The rule should be a safe one, for solvent men, as well as for those of doubtful means.